

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. J. A. Belger
County Auditor, Travis County
Austin, Texas

Dear Sir:

Opinion No. O-5565
Re: Contributions by
County for support
of private charitable
institutions.

This is in response to your recent requests
by three separate letters for the opinion of this depart-
ment upon the authority of Travis County to contribute
moneys monthly for the support of the Altheim, the Settle-
ment Club and the Childrens' Home, all private charitable
institutions.

As we understand it, the Altheim is a home
for women over sixty (60) years of age, conducted as a
charitable institution, towards which Travis County has
been contributing $50 per month. The Settlement Club is
a private institution for the care and maintenance of poor
children, toward which the County has been contributing $75
a month, as is the Childrens' Home, for the support of which
the County has contributed a like amount.

We are not unmindful of the splendid work per-
formed by these institutions in lightening the County's bur-
dens in caring for its poor and homeless. Travis County,
like all other counties, however, has only such powers and
authority as is conferred by law and we have concluded that
under the Constitution and laws of this State, Travis County
may not make such contributions to these private charitable
institutions.

Sections 50, 51 and 52 of Article 3, Section
3 of Article 8, Section 3 of Article 11, Section 6 of Arti-
cle 16 of the Constitution of Texas, are pertinent.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 50 of Article 3 provides that the Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association of persons, or corporation, whether municipal or otherwise, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever.

Section 51 of Article 3 provides that the Legislature shall have no power to make any grant of public money to any individual, association of individuals, municipal or other corporation whatsoever (with certain exceptions not here pertinent).

Section 52 of the same Article provides, in part:

> "The Legislature shall have no power to authorize any county * * * to grant public money * * * to any individual, association or corporation whatsoever."

Article 8, Section 3 provides that taxes shall be levied and collected by General Laws and for public purposes only.

Article 11, Section 3 provides that no county shall become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit.

Article 16, Section 6 provides that no appropriation for private or individual purposes shall be made.

In Opinion No. 0-1001 this department held that under the Articles of the Constitution referred to, a county has no authority to make donations to the Tuberculosis Association, the American Red Cross or other private charitable organization; and reference was made in the opinion to conference opinion No. 2662 of this department, dated February 4, 1927, 1926-1928 Attorney General's Report, page 390, et seq., hold-

ing that the commissioners' court has no authority to appropriate public funds to charitable institutions managed and controlled by private individuals.

We still adhere to the views expressed in those opinions and we must, therefore, advise you that, under the Constitution of Texas, Travis County may not make the donations which were the subject of your opinion requests.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jas. D. Smullen

Jas. D. Smullen
Assistant

JDS:EP

APPROVED SEP 17, 1943

Gerald C. Mann

ATT... ... TEXAS

